UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

GERARDO SEGURA,
Plaintiff,

v.

COUNTY OF SANTA CLARA, et al.,
Defendants.

Case No. 25-cv-03130-PCP

**ORDER GRANTING MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Re: Dkt. Nos. 54, 56

United States District Court
Northern District of California

Defendants Penese Clark, Paul Lorenz, and Jill Sproul move to dismiss the claims against them in plaintiff Gerardo Segura's second amended complaint. Segura sued the County of Santa Clara and various employees of the County's Valley Medical Center, including Clark, Lorenz, and Sproul, for allegedly firing him in retaliation for reporting safety violations at the hospital. The Court previously granted dismissal on untimeliness grounds as to Lorenz, Sproul, and Clark. *See Segura v. County of Santa Clara*, 826 F. Supp. 3d 1183, 1191 (N.D. Cal. 2026). In his second amended complaint, Segura again pleads a violation of his speech rights by defendants Clark, Sproul, and Lorenz. For the reasons stated below, the Court again grants Sproul and Lorenz's motions to dismiss but denies Clark's motion.

**BACKGROUND**

In its prior order, the Court concluded that Segura had failed to identify any conduct by Lorenz, Sproul, or Clark occurring on or after April 7, 2023, and that his claims against those defendants were therefore untimely.[1] In his second amended complaint, Segura adds additional

[1] The Court's previous order provides a detailed background regarding the facts of this case. For the purposes of the defendants' motions to dismiss, the Court accepts the truth of the facts alleged in Segura's second amended complaint.

factual allegations as to those defendants. Segura alleges that his termination was part of a "campaign of retaliation … approved and ratified by Lorenz and Sproul through discrete acts during the limitations period, culminating in the September 25, 2024 termination, with liability as to Lorenz and Sproul based on those approvals and ratifications." Second Amended Complaint (SAC) ¶ 3. In January 2023, Clark was allegedly one of four supervisors who together put Segura on involuntary leave. SAC ¶ 3I. Segura claims that "Lorenz and Sproul were informed of the [involuntary] leave decision and thereafter ratified and permitted it to continue despite having authority to halt or reverse it." SAC ¶ 3I. From January 2023 to October 2023, Clark and other managers purportedly conducted interviews as part of an allegedly retaliatory investigation into Segura, which Segura again alleges that "Lorenz and Sproul knew of, approved, and ratified." SAC ¶ 3L. During the investigation, Clark and other managers allegedly "manufactured a false reason for placing Mr. Segura on leave and investigating him, by claiming they were concerned that he was sabotaging equipment," again with Lorenz and Sproul's knowledge and ratification. SAC ¶ 3L. Segura alleges that Clark ultimately recommended Segura's termination with three other managers on August 9, 2024, which Lorenz and Sproul knew of and ratified based on "prior performance criticisms and assessments originating in 2022." SAC ¶ 3N; *see also id.* ¶¶ 3O, 3P, 3Q, 36J, 36K. Segura more generally alleges that Lorenz, Sproul, and Clark were involved as supervisors in this treatment, and that he reported retaliation by superiors to Sproul who "did not take steps reasonably necessary to prevent the reported retaliation and thereafter knowingly permitted it to continue into 2023 and 2024 despite having authority to intervene, and thereafter knowingly permitted and affirmatively approved the continuation of that retaliation into 2023 and 2024 despite having authority to intervene." SAC ¶ 3C.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." If the complaint does not do so, the defendant may move to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556

United States District Court
Northern District of California

U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

**ANALYSIS**

**I. Penese Clark**

Clark moves to dismiss Segura's claim because Segura purportedly has not fixed the defect in his prior complaint—namely, that all of the events relating to Clark occurred before the limitations period.[2] Clark argues that Segura fails to allege nonconclusory facts that identify "*any* acts taken by Ms. Clark on or after April 7, 2023." Clark Motion to Dismiss at 4.

But Segura has pleaded conduct by Clark after April 7, 2023. Segura specifically alleges that from January 2023 to October 2023 Clark conducted interviews as part of an investigation into Segura, and that Clark and other managers "manufactured a false reason for placing Mr. Segura on leave and investigating him, by claiming they were concerned that he was sabotaging equipment. SAC ¶¶ 3I, 3L. He also alleges that on August 9, 2024, Clark, among others,

[2] Because Segura brings his First Amendment retaliation claim under 42 U.S.C. § 1983, this Court applies California's two-year statute of limitations for personal injury actions. *See Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). Segura filed his initial complaint on April 7, 2025, so only claims arising from events that occurred on or after April 7, 2023, are timely.

United States District Court
Northern District of California

"arranged, prepared, orchestrated, recommended or were otherwise involved in causing the recommendation of plaintiff's termination." SAC ¶ 3N. He has therefore addressed the defect in his prior pleading of claims against Clark.

Segura's amended pleading also does not rely upon improper "group pleading," as Clark suggests. Rule 8 requires a "short and plain statement of the claim showing that the pleader is entitled to relief." *See Russo v. Fed. Med. Servs.*, 744 F. Supp. 3d 914, 922 (N.D. Cal. 2024). This statement must provide each defendant with fair notice of the allegations made against them so that they can defend themselves effectively. Undifferentiated group pleading that does not "indicate which individual defendant or defendants were responsible for which wrongful act" is impermissible under Rule 8 because it fails to provide such notice. *See In re Sagent Tech., Inc.*, 278 F. Supp. 2d 1079, 1094 (N.D. Cal. 2003). Collective allegations can be sufficient, however, if the claims involve actors engaged in the same or similar conduct. *See, e.g.*, *EcoHub*, *LLC v. Recology*, 2023 WL 6725632, at *21 (N.D. Cal Oct. 11, 2023) (finding that undifferentiated group pleading is only a problem when the number of defendants is very large and the pleading involved almost no differentiating allegations). "'[G]roup pleading' is not fatal as long as the complaint gives defendants fair notice of the claims against them." *Id.* at *6.

Here, Clark's amended pleading is sufficient to provide notice to Clark as to what conduct she is alleged to have engaged in. Even though Segura often groups together "the County and its managers Brollini, Bommarito, Clark, and Gill," such a grouping reflects that those individuals were allegedly involved in collective decisionmaking and deliberation with respect to Segura's treatment and termination. *See, e.g.*, SAC ¶ 3N.

Accordingly, Clark's motion to dismiss is denied.

**II. Paul Lorenz and Jill Sproul**

Segura's new allegations as to Lorenz and Sproul are limited to his assertion that the two knew of Segura's mistreatment and provided "approvals and ratifications" or failed to intervene in adverse actions against Segura. *See, e.g.*, SAC ¶¶ 3, 3I, 3O, 3P, 3R, 36K. These allegations are overly conclusory. They rely entirely on Lorenz and Sproul's positions as supervisors. But a "supervisor is only liable for constitutional violations of [their] subordinates if the supervisor

participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Though Segura tries to plead that defendants "knew of the violations" against him "and failed to act to prevent them," his conclusory allegations merely re-state the legal rule he seeks to invoke. *See Iqbal*, 556 U.S. at 679 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). He pleads no specific facts in support of those conclusory allegations. Accordingly, Lorenz and Sproul's motion to dismiss is granted.

## CONCLUSION

For the reasons stated above, Lorenz and Sproul's motions to dismiss are granted and Clark's motion is denied. The dismissal of Segura's claims against Lorenz and Sproul is without prejudice but without further leave to amend at this time. If discovery provides a factual basis for Segura to re-assert any claim against Lorenz or Sproul, Segura may seek leave to do so at that time.

**IT IS SO ORDERED.**

Dated: September 15, 2026

P. Casey Pitts
United States District Judge